UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JOHN HARDING, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21 CV 918 JMB |
| | ) | |
| SUPERINTENDENT DORIS FALKENRATH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ricky John Harding, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.     Procedural Background**

Petitioner is incarcerated at the Jefferson City Correctional Center pursuant to the judgment and sentence of the Circuit Court of Warren County, Missouri. In 2015, a jury convicted him of felony murder, unlawful possession of a firearm, domestic assault in the second degree, and four counts of endangering the welfare of a child in the second degree (Doc. 14-1, p. 1). He was sentenced to a term of 30 years' imprisonment on February 4, 2016 (Id. p. 3; Doc. 14-6, p. 46-48). On April 25, 2017, the Missouri Court of Appeals affirmed his conviction and the sentence imposed but reversed and remanded on a discrete clerical error in the judgment which stated that petitioner was convicted of felony child endangerment instead of misdemeanor child endangerment. State v. Harding, 528 S.W.3d 362 (Mo. Ct. App. 2017) (Doc. 14-1).

Following an evidentiary hearing, Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court in June, 2019 (Doc. 14-2, p. 2).

On December 29, 2020, the Missouri Court of Appeals affirmed the denial of postconviction relief. Harding v. State, 613 S.W.3d 522 (Mo. Ct. App. 2020) (Doc. 14-2). On July 19, 2021, Petitioner timely filed his § 2254 petition, in which he asserts six claims of ineffective assistance of counsel, newly discovered evidence, prosecutorial misconduct, and abuse of discretion. Respondent filed a response in opposition (Doc. 14) to which Petitioner replied (Doc. 21), rendering this matter fully briefed.

II.   **Factual Background**

In the early morning of May 25, 2014, Petitioner and the victim engaged in a physical altercation at their home, awakening victim's four minor children. During the altercation, Petitioner and victim struggled to gain control of Petitioner's gun, which fired and injured victim. As victim lay bleeding profusely, Petitioner left the house, leaving the children with their dying mother. The oldest child called 911 and unsuccessfully attempted to transport the victim to the hospital. The children then waited for emergency services to arrive at the home. Victim was transported to the hospital but could not be resuscitated and subsequently died. Petitioner then arrived at the hospital and was arrested and charged in the death.

Additional facts will be included as necessary to address the issues.

III.   **Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Id.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions.") (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

IV. **Discussion**

Petitioner asserts five claims of ineffective assistance of trial counsel. He contends that trial counsel: (1) failed to object to a stipulation naming the nature of his prior felony conviction; (2) failed to investigate gunshot residue evidence; (3) failed to object to jury instructions that included his prior conviction; (4) failed to object to the prejudicial hearsay statement of witness A.H. (Petitioner's and victim's minor daughter); and (5) failed to impeach a state's witness A.L. (victim's minor daughter) (Claims 1, 2, 3, 5, 7, respectively). He further asserts one count of ineffective assistance of appellate counsel for failing to raise the claims in his petition on direct appeal (Claim 8). Finally, he asserts newly discovered evidence in the form of gunshot residue on

Page 5 of 13

the victim's hands (Claim 4), prosecutorial misconduct in eliciting witness A.L.'s false testimony (Claim 6), and that the court abused its discretion by allowing his prior convictions in the verdict director (Claim 9). Respondent asserts that Petitioner procedurally defaulted claims 2-6, 8-9 because he did not raise them before the state courts and that, in any event, all of his claims are without merit.[1]

### A.  Procedural Default

State prisoners seeking habeas relief in federal court are typically limited to raising claims that have been "fairly presented" in state court proceedings. Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020). Claims raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should not be considered further. Dansby v. Payne, No. 19-3006 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020).[2] Such procedurally defaulted claims may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence). Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman v. Thompson, 501 U.S. 772, 750 (1991); Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

"Ineffective assistance of state postconviction counsel does not usually provide cause for a procedural default, except for one 'narrow exception.'" Deck, 978 F.3d at 582 (citing Coleman, 501 U.S. at 755 and Martinez v. Ryan, 566 U.S. 1, 9 (2012)). In Martinez, the Supreme Court held that ineffective assistance of postconviction counsel can provide "cause" to excuse a defaulted

---

[1] Respondent concedes that Petitioner has exhausted state remedies and that the Petition before the Court is timely.

[2] Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729-730 (1991).

ineffective-assistance-of-trial-counsel claim where (1) the claim of ineffective assistance of trial counsel was a "substantial" claim, and (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding.³ Harris v. Wallace, 984 F.3d 641, 648 (8th Cir. 2021) (citations omitted).

Respondent argues that Claims 2-6 and 8-9 are procedurally defaulted and that Petitioner has not shown cause and prejudice for the default. Respondent notes that only claims 1 and 7 were raised in state court and through a complete round of review, and Petitioner has not alleged or shown that post-conviction counsel was ineffective. On direct appeal (Doc. 14-7), Petitioner raised 8 grounds for relief: (1) there was insufficient evidence of felony murder; (2) a jury instruction regarding felony murder was erroneous; (3) there was insufficient evidence of child endangerment; (4) the trial Court erred in failing to grant a continuance to secure a defense witness, Dr. Arain; (5) the trial court erred in barring the testimony of another defense witness, Timothy Taylor; (6) the trial court erred in failing to give a mitigating jury instruction; and, (7) the judgment did not comport with the jury verdict. None of these claims are raised in the Petition before this Court. In his brief before the Missouri Court of Appeals on collateral review (Doc. 14-9), Petitioner alleged 5 grounds for relief: (1) prosecutorial misconduct in the failure to disclose a pretrial meeting with the victim's daughter A.L.; (2) ineffective assistance of trial counsel for failing to impeach A.L.; (3) ineffective assistance of trial counsel for agreeing to the stipulation that named Petitioner's prior conviction; (4) ineffective assistance of trial counsel for failing to object to evidence that Petitioner beat and threatened his children; and, (5) ineffective assistance of trial counsel for failing to object to the prosecutor's prejudicial closing argument related to the third ground for relief. In

---

³ The Martinez exception has a third element: that the state collateral review proceeding was the "initial" review with respect to ineffective-assistance claims. This element is satisfied because Missouri does not allow ineffective-assistance claims to be raised on direct appeal and requires that they be raised in postconviction proceedings. Missouri Supreme Court Rule 29.15.

the Petition before this Court, he again asserts that trial counsel was ineffective for failing to impeach witness A.L. (claim 7) and that trial counsel was ineffective for failing to object to a stipulation regarding the nature of his prior felony (claim 1).  However, he did not raise any of his other claims before the Missouri Court of Appeals.  Therefore, Petitioner procedurally defaulted all claims except 1 and 7.

In response, Petitioner states that he raised all of his current claims in the Missouri Supreme Court Rule 29.15 amended motion before the trial court (Doc. 21-2).  However only claims 1 and 7 were appealed to the Missouri Court of Appeals.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  A claim contained in a denied Rule 29.15 motion that is not appealed is considered abandoned.  Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996); See also Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) ("Because of this presumption [, that counsel's conduct was reasonable,] and the reality that effective appellate advocacy often entails screening out weaker issues, the Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal.").  Petitioner also has not shown cause and prejudice for the default.  That is, he has not shown that "some objective external" factor prevented him from raising these defenses and that there was a reasonable probability that the outcome of the proceedings would have been different. Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022) (internal quotation marks and citations omitted).  Finally, Petitioner has not alleged or shown that post-conviction counsel (at the trial court level) was ineffective such that Martinez may apply; and, Martinez does not apply to claims that post-conviction appellate counsel was ineffective.  Davila v. Davis, ___ U.S. ___, 137 S.Ct. 2058, 2065 (2017).  Accordingly, claims 2-6 and 8-9 are procedurally defaulted.  Because the

Corut finds that Petitioner procedurally defaulted claims 2-6 and 8-9, the Court will only address the merits of Claims 1 and 7, which allege claims of ineffective assistance of trial counsel.

### B. Ineffective Assistance of Counsel

Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on his claims arising from trial counsel's failure to object to a stipulation naming the nature of his prior felony conviction (Claim 1) or failure to impeach State's witness A.L. (Claim 7). First, the Missouri Court of Appeals correctly identified the Strickland legal standard governing his claims. Second, the decision to defer to trial counsel's strategic decisions was not an unreasonable application of Strickland.

#### 1. Claim 1: Prior Conviction Stipulation

In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that when a criminal defendant's status as a convicted felon is an element of a charged offense and the defendant admits to being a felon, additional evidence of the name and nature of the prior offense, whose sole purpose is to prove the prior conviction, is generally more prejudicial than probative and should be excluded by the trial judge. Id. at 174; United States v. Hellems, 866 F.3d 856, 861-862 (8th Cir. 2017). The practical effect of Old Chief is that criminal defendants often stipulate to the existence of a prior felony conviction without naming the particular felony or the circumstance of the offense and thereby negate the necessity of introducing evidence of the prior conviction. See United States v. Richardson, 40 F.4th 858, 866 (8th Cir. 2022) (finding that it was not an abuse of discretion to allow evidence of a prior felony conviction where the defendant did not stipulate to the fact). Old Chief does not stand for the proposition that the criminal defendant cannot introduce evidence regarding a prior conviction.

In his brief before the Missouri Court of Appeals, Petitioner argued that counsel was ineffective for agreeing to the following stipulation naming the prior felony conviction:

> The State of Missouri and Defendant Ricky Harding, by and through Counsel, do Stipulate and Agree THAT Defendant Ricky Harding has been convicted of the Class C Felony of Burglary in the Second Degree, from the Circuit Court of Cole County, Missouri . . . .

(Tr. 14-9, p. 41).

The state court found that trial counsel was not ineffective for agreeing to the stipulation because she "made the permissible strategic decision to include in the stipulation that Harding's prior felony was the class C felony of burglary" in order to convince the jury that he was not convicted of a violent offense or a weapons-related offense (Doc. 14-2, p. 9). Before this Court, Petitioner argues that the state court erred because his trial counsel was not aware of the holding in Old Chief and offered nothing to explain to the jury that he was convicted of a non-violent crime, thus casting doubt on her claim that it was a strategic decision to agree to the stipulation.[4]

The Supreme Court has not "articulate[d] specific guidelines for appropriate attorney conduct." Wiggins v. Smith, 539 U.S. 510, 521 (2003). In assessing counsel, however, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). Certainly, one would expect an attorney to be aware of relevant and applicable Supreme Court precedent. See, e.g., Poe v. United States, 233 F. Supp. 173, 178 (D.D.C 1964), aff'd, 352 F.2d 639 (D.C. Cir. 1965) ("Where the defense is substantially weakened because of the unawareness on the part of defense counsel

---

[4] Petitioner has provided limited excerpts of the post-conviction hearing held on July 17, 2018 which appears to suggest that trial counsel was not aware of the holding in Old Chief and that she agreed to the stipulation because she wanted to show that the burglary conviction was not a weapons offense and that it occurred in 1997, prior to a change in the law that made it illegal for felons to possess firearms (Doc. 21-1, p. 14).

of a rule of law basic to the case, the accused is not given the effective representation guaranteed him by the Constitution"). However, the Sixth Amendment does not require perfection, only competence. Harrington, 562 U.S. 110. And, there is a strong presumption that counsel acted competently. See Ford v. Lockhart, 904 F.2d 458, 462 (8th Cir. 1990). In this case, even accepting that trial counsel was unaware of Old Chief, it was not consequential because her strategy was not unreasonable. Therefore, the state court's application of the Strickland standard is not objectively unreasonable. See Wiggins, 539 U.S. at 520–521.

It was not unreasonable for the state court to find that the advantage of the ruling in Old Chief did not outweigh a strategy that would demonstrate that Petitioner was not violent. See, e.g. Scarberry v. Iowa, 430 F.3d 956 (8th Cir. 2005) (finding, in dicta, that counsel was not ineffective for failing to raise a potential Sixth Amendment challenge). Petitioner was charged with violent crimes: felony murder, domestic assault, and child endangerment. It was a reasonable strategy for counsel to demonstrate to the jury, however imperfectly, that he was not a violent person notwithstanding a prior felony conviction, which a jury may have otherwise assumed was a violent felony in light on his possession of the gun that caused the death. Such a strategy is within the wide range of reasonable professional assistance, and it was reasonable for the state court to reach this conclusion.

In any event, Petitioner has not shown that there was a substantial likelihood of a different result. Harrington, 562 U.S. at 111–112. Instead, Petitioner summarily argues that he was prejudiced by trial counsel's decision and could have been possibly found not guilty. "[W]hile in some instances even an isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial, it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Harrington, 562 U.S. at 111 (quotation

marks and citation omitted). Thus, even if trial counsel's decision to stipulate can be considered egregious (which it is not as set forth above), a brief perusal of the state court's decision on direct appeal demonstrates that trial counsel diligently defended Petitioner by offering alternative explanations and myriad defenses to the allegations including justification and prior instances of domestic abuse to explain the victim's children's mental state. Accordingly, Petitioner has not satisfied the "doubly deferential" standard and Claim 1 is DENIED.

### 2. Claim 7: Failure to Impeach A.L.

In his Petition, Petitioner briefly states that trial counsel was ineffective for failing to impeach A.L. with her deposition testimony regarding the location of the handgun used during the incident (Doc. 1, p. 14). In his reply brief, however, he does not address this argument at all and instead focuses on the defaulted claim that the prosecutor improperly elicited A.L.'s false testimony. (Doc. 21, pp. 29-33). This claim is unpersuasive because it is unsupported by either citation to the record or case authority. For this reason alone, Claim 7 is DENIED. See Burt, 571 U.S. at 18 (the burden of showing that counsel was ineffective rests on the petitioner).

Even if the Court were to consider the merits of the claim, it still would be denied. The state court found that trial counsel was not ineffective in her examination of A.L. because: (1) as a matter of trial strategy, failing to impeach a witness does not lead to post-conviction relief; (2) counsel may have reasonably determined that impeachment would do more harm than good; and, (3) counsel did in fact cross-examine A.L. on her prior inconsistent statements (Doc. 14-2, p. 7). In sum, the state court found "counsel's decisions to be reasonable because to aggressively cross-examine a traumatized young girl at the trial regarding her mother's murder may have risked alienating the jury and harming Harding's defense" (Doc. 14-2, pp. 7-8). As outlined by the state court, evidence at trial revealed that Petitioner purchased a handgun knowing that it was illegal for

him to do so because he was a felon (Doc. 14-1, p. 1).  At the time of the altercation, A.L. heard and saw Petitioner and victim fighting, saw the victim grab Petitioner's gun from a couch, and saw them each struggling to gain control of the gun (Id. 2).  While she did not see the shot, A.L. ran out of her room after she heard the shot to see the victim bleeding on the floor (Id.).  Petitioner then left the house and A.L. was required to tend to her dying mother and her younger siblings (Id.).  After the incident, the victim's children, including A.L., were seen by a therapist who diagnosed them with post-traumatic stress disorder stemming from the incident (Id.).  It was not unreasonable, then, for the state court to determine that an aggressive cross-examination of A.L. as to the location of the gun prior to the shot being fired would have alienated the jury.  As with Claim 1, Petitioner has not satisfied the "doubly deferential" standard and Claim 7 is DENIED.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Ricky John Harding, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of September, 2022.